**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | 2:16-cr-00294-JCM-VCF |
| JASON GOLDSBY, RUDY REDMOND, | **REPORT AND RECOMMENDATION** |
| Defendants. | MOTION TO DISMISS COUNTS OF THE INDICTMENT [ECF NOS. 88, 92] |

Before the Court is Defendants Jason Goldsby and Rudy Redmond's Motions to Dismiss Counts Six, Eight, Ten, Twelve, and Fourteen of the Indictment. (ECF Nos. 88, 92). For the reasons discussed below, Defendants' motions should be denied.

**BACKGROUND**

Defendants have been indicted on counts stemming from a string of armed robberies targeting EZ Pawns. (ECF No. 88 at 2-3). Defendants have been charged with Conspiracy to Interfere with Commerce by Robbery under the Hobbs Act, Interference with Commerce by Robbery under the Hobbs Act in violation of 18 U.S.C. §1951, and five counts of Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Six, Eight, Ten, Twelve, and Fourteen). (*Id.*). Each count of Brandishing a Firearm During and in Relation to a Crime of Violence cites a robbery as the "crime of violence." (*Id.*).

Defendants filed two separate motions to dismiss. (ECF No. 88, 92). Both argue the crime of robbery under the Hobbs Act does not constitute a crime of violence, and therefore Defendants cannot be convicted of brandishing a firearm in relation to a crime of violence. (ECF No. 88 at 3, ECF No. 92 at 3).

1

Redmond also argues that the Government should be estopped from bringing Count Twelve because an alleged co-conspirator, Mendoza, has already been found not guilty of that specific crime. (ECF No. 92 at 3).

The Government argues that a Hobbs Act robbery is a crime of violence, noting that co-defendant Mendoza made a similar motion to dismiss in his case that the Court denied. (ECF No. 98 at 3). The Government also asserts collateral estoppel does not apply to Count Twelve because the defendant and evidence in this case are different than in Mendoza's case. (*Id.* at 16-17).

## DISCUSSION

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may file a motion seeking to dismiss a count of the indictment for "failure to state an offense." The court reviewing this motion evaluates the facial sufficiency of the indictment rather than evidentiary issues. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). A defendant may also challenge proceedings against them as violating the doctrine of collateral estoppel if a jury could not "reasonably find the defendant guilty beyond a reasonable doubt" based on the outcome of a previous proceeding. *United States v. Bernhardt*, 840 F.2d 1441, 1448 (9th Cir. 1988).

**I.     Hobbs Act Robbery as a Crime of Violence**

Defendants assert that Counts Six, Eight, Ten, Twelve, and Fourteen fail to state an offense. (ECF No. 88 at 3, ECF No. 92 at 3). Defendants argue that they cannot be convicted of brandishing a firearm in furtherance of a crime of violence because they have not been charged with an applicable crime of violence. (*Id.*).

Defendants were charged with brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A). 18 U.S.C. 924(c)(3)(A)[1] defines a crime of violence as a felony that "has as an

---

[1] The Court will not analyze 18 U.S.C. § 924(c)(3)(B), as it is not necessary to the Court's ruling on this motion. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

element the use, attempted use, or threatened use of physical force against the person or property of another." "[T]he 'physical force' used must be 'violent force,' or 'force capable of causing physical pain or injury to another person.'" *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Johnson v. United States,* 559 U.S. 133, 140 (2010)). "[T]he use of force must be intentional, not just reckless or negligent." *Id.* (quoting *United States v. Lawrence,* 627 F.3d 1281, 1284 (9th Cir.2010)).

Robbery, as charged in this case, "means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). To determine whether Hobbs Act robbery is a crime of violence, the Court must compare the elements of the robbery statute with the necessary elements of a crime of violence. *United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016). "The defendant's crime cannot categorically be a 'crime of violence' if the statute of conviction punishes any conduct not encompassed by the statutory definition of a 'crime of violence.'" *Id.*

Defendants argues that a Hobbs Act robbery is not a crime of violence because (1) it can be committed with *de minimis* force or no force at all and (2) it can be committed recklessly. (ECF No. 88 at 8, ECF No. 92 at 9). Defendants' arguments rest on the common law definition of robbery and judicial interpretations of other "similarly worded" statutes, which require only general intent and the use of *de minimis* force. (ECF No. 88 at 10-18, ECF No. 92 at 10-20). Defendants also argue that reading "force" to mean "violent force" would render the inclusion of "violence" as redundant. (ECF No. 88 at 15).

While there is no binding authority on point, Defendants have not cited a single case from any jurisdiction where a court has found that a Hobbs Act robbery can be committed recklessly or with only *de minimis* force. Every case cited by the Government and independently researched by the Court has found that a Hobbs act robbery requires the intentional use, attempted use, or threatened use of violent force. *See United States v. Hall*, No. 2:12-cr-00132-JAD-CWH-3, 2017 WL 2174951, at *2 n.14 (D. Nev.

May 17, 2017) (listing cases finding a Hobbs Act robbery qualifies as a crime of violence). Each of Defendants' arguments was raised, examined, and rejected in *United States v. Pena*, 161 F.Supp.3d 268 (S.D.N.Y. 2016), a case that has been cited with approval by courts throughout the country, including in this district. *See United States v. Mendoza*, No. 2:16-cr-00324-LRH-GWF, 2017 WL 2200912, at *7 (D. Nev. May 19, 2017); *United States v. Stankus*, No. 3:12-cr-00032-LRH-WGC, 2017 WL 2974933, at *4 (D. Nev. July 12, 2017); *United States v. Ali*, No. 2:06-cr-00160-APG-RJJ, 2017 WL 3319115, at *2 n.9 (D. Nev. Aug. 3, 2017).

The Court finds that a Hobbs Act robbery is a crime of violence. "[T]he force element of robbery has traditionally been identified with strong or violent force." *United States v. Pena*, 161 F.Supp.3d 268, 276 (S.D.N.Y. 2016). The inclusion of both "force" and "violence" in the statute does not render this interpretation redundant because "the most natural way to read the means of committing Hobbs Act robbery is not as a list of alternate elements with separate meanings…but as a series of overlapping words meant to capture a range of conduct." *Id.* "[T]he text, history, and context of the Hobbs Act compel a reading of the phrase 'fear of injury' that is limited to fear of injury from the use of force." *Id.* at 279. While case law indicates a Hobbs Act robbery does not require specific intent, there is no authority that it could be committed negligently, recklessly, or unintentionally. *Id.* at 283-284; *see also Mendoza*, 2017 WL 2200912 at *8-9.

Defendants have failed to establish a realistic probability that a Hobbs Act robbery could be committed without the intentional use, attempted use, or threatened use of violent force. *Pena*, 161 F.Supp 3d at 278; *Mendoza*, 2017 WL 2200912 at *3. Therefore, the Court should deny their motion to dismiss Counts Six, Eight, Ten, Twelve, and Fourteen of the superseding indictment on this ground.

**II.   Collateral Estoppel**

Redmond also argues that the Government should be estopped from bringing Count Twelve because Mendoza, an alleged co-conspirator, has already been found not guilty of that specific crime.

(ECF No. 92 at 3). Redmond asserts that "[i]f Mendoza who is alleged to be the one brandishing the firearm during this robbery is not guilty of this charge, then it should not be allowed to find Redmond guilty of this charge." (*Id.* at 25).

The Court finds that collateral estoppel does not bar the Government from bringing Count 12 against Redmond. The Court applies "a three-pronged test to determine whether a prior prosecution precludes a later one: '(1) were the issues in the two cases sufficiently similar; (2) was the issue fully litigated in the first action; and (3) was the issue necessarily decided in the first action.'" *United States v. Carbullido*, 307 F.3d 957, 961 (9th Cir. 2002) (quoting *United States v. Stoddard,* 111 F.3d 1450, 1458 (9th Cir.1997)). The issue of whether Redmond, as opposed to Mendoza, brandished a firearm in connection with a robbery was not necessarily decided in Mendoza's case. The jury could have, for example, concluded that one of Mendoza's co-conspirators brandished a firearm. Therefore, the Court should deny Redmond's motion to dismiss Count Twelve on this ground.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Defendants' Motions to Dismiss Counts Six, Eight, Ten, Twelve, and Fourteen of the Indictment (ECF Nos. 88, 92) should be DENIED.

DATED this 22nd day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE