UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JASON GOLDSBY, et al.,<br><br>Defendant(s). | Case No. 2:16-CR-294 JCM (VCF)<br><br>ORDER |

Presently before the court is Magistrate Judge Cam Ferenbach's report and recommendation (ECF No. 293) to deny defendant Jason Goldsby's motion to suppress (ECF No. 258). Goldsby filed objections to the report and recommendation (ECF No. 295) to which the government responded (ECF No. 298).

Also before the court is Goldsby's motion for leave to file a reply to the government's response (ECF No. 301) to which the government responded (ECF No. 311).

**I.    BACKGROUND**

Goldsby is charged with fourteen criminal counts stemming from his alleged involvement in a series of robberies at various pawn stores across Las Vegas and Henderson, Nevada, in 2016. (ECF No. 258 at 2, 23).

Following a still contested investigation, Las Vegas Metropolitan Police Department detectives connected a suspect, John Willoughby,[1] to a phone number they attributed to Goldsby and obtained a search warrant and pen register for that phone number. (*Id.* at 2–4).

---

[1] Willoughby is neither a co-defendant nor does he remain a suspect for this crime.

**James C. Mahan**
**U.S. District Judge**

1  The detectives then used information gained through that warrant and pen register in their
2  declaration to establish probable cause to secure a warrant and pen register for Goldsby
3  himself. (*Id.* at 4).

4  On October 13, 2020, Goldsby moved "to suppress all evidence obtained or derived
5  from the warrant and pen register ordered for [] Goldsby, and/or for a *Franks*[2] hearing related
6  to the same." (*Id.* at 5). Thereafter, Magistrate Judge Ferenbach conducted a *Franks* hearing
7  and concluded that the search warrant declaration established probable cause. (ECF No. 293
8  at 11).

9  Accordingly, Magistrate Judge Ferenbach recommends that Goldsby's motion to
10 suppress be denied. (*Id.* at 12). Goldsby now objects to that recommendation. (ECF No. 295).

11 **II.     LEGAL STANDARD**

12 This district's magistrate judges are authorized to resolve pretrial matters subject to the
13 assigned district judge's review. 28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3-1(a) ("A district
14 judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal
15 case under LR IB 1-3 . . . ."). The reviewing district court "may accept, reject, or modify, in
16 whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.
17 § 636(b)(1); *see also* LR IB 3-2(b).

18 The district court applies a "clearly erroneous" standard to the magistrate judge's
19 factual findings, whereas the "contrary to law" standard applies to the legal conclusions. *See,*
20 *e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). However, if a party
21 files written objections to the report and recommendation, the district court must "make a *de*
22 *novo* determination of those portions of the report or specified proposed findings or
23 recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).
24 . . .
25 . . .
26 . . .
27 . . .
28

---

[2] *Franks v. Delaware*, 438 U.S. 154 (1978).

**James C. Mahan**
**U.S. District Judge**

- 2 -

**III.    DISCUSSION**

    a. **Magistrate Judge Ferenbach's report and recommendation that Goldsby's motion to suppress be denied is neither clearly erroneous nor contrary to law**

After holding a *Franks* hearing, Magistrate Judge Ferenbach held that Goldsby did not make a substantial showing that the detectives' "statements about Goldsby's connection with Willoughby were false or made recklessly or deliberately in disregard of the facts." (ECF No. 293 at 10).

In so holding, Magistrate Judge Ferenbach found that the detectives' declaration did include some false information, namely that Goldsby provided the phone number (702) 542-7534 (the "7534 number") when Goldsby pawned a watch on August 1, 2016. (*Id.*). However, Magistrate Judge Ferenbach held that the detectives' misstatement was a "good faith mistake" rather than a "reckless disregard for the truth" (*Id.*); that that even if the false information was excised, probable cause still existed within the four corners of the affidavit based on the totality of the circumstances (*Id.* at 11); and, lastly, that the detectives lawfully "used information gathered from Willoughby's pen register data and the call details records to identify the 7534 number." (*Id.*).

Having reviewed the record and report, this court holds that these factual findings are not clearly erroneous and these legal holdings are not contrary to law. Accordingly, save for a *de novo* review for Goldsby's specific objections leading to the contrary, this court will adopt in full Magistrate Judge Ferenbach's report and recommendation denying Goldsby's motion to suppress. (ECF No. 293).

    b. **Goldsby's Objections to the report and recommendation are overruled**

In reviewing a magistrate judge's[3] holding that sufficient probable cause existed to grant a warrant, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for [so] concluding . . . ." *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) (internal quotation marks and citation omitted).

---

[3] Here, "magistrate judge" refers to a state court judge who originally grants a warrant, not this district's "Magistrate Judge" Ferenbach who reviewed Goldsby's motion to suppress.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Whether a search warrant is supported by probable cause must be determined from the four corners of the affidavit. *United States v. Luong*, 470 F.3d 898, 904–05 (9th Cir. 2006). "An affidavit is sufficient if . . . the stated facts would reasonably allow a magistrate to believe that the evidence will be found in the stated location." *United States v. Taylor*, 716 F.2d 701, 705 (9th Cir. 1983). That is, the validity of the search warrant depends upon the totality of the circumstances explicated within the underlying affidavit. *Id.*; *Gates*, 462 U.S. at 238.

There is "a presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171. However, a facially valid affidavit can be challenged if the defendant makes a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *Id.* at 155–56. Negligent or innocent misstatements do not warrant suppression; the defendant must allege "deliberate falsehood" or "reckless disregard for the truth . . . accompanied by an offer of proof." *Id.* at 171.

Goldsby makes three objections to the report and recommendation. First, he contends that the declaration's statements regarding his purported association with Willoughby were made recklessly as to the truth or falsity of the allegation. (ECF No. 295 at 8). Goldsby does not claim that the detective incorrectly reported statements received from other detectives or the original informant;[4] his issue lies instead in the fact that there is no documentary evidence to support this part of the investigation. Magistrate Judge Ferenbach found that the detective "testified credibly regarding the information he collected and there is no indication that he misrepresented the statements of others." (ECF No. 293 at 10). Having reviewed the record *de novo*, this court agrees with Magistrate Judge Ferenbach.

Second, Goldsby contends that Magistrate Judge Ferenbach erred in determining the declaration's inclusion of the 7534 number was not made with reckless disregard to the truth. (ECF No. 295 at 10). Because Goldsby fails to direct this court to evidence supporting

---

[4] *See United States v. Perdomo*, 800 F.2d 916, 921 (9th Cir. 1986) ("Allegations that statements reported in the affidavit and made to the affiant are false are not sufficient to satisfy the requirements for a *Franks* hearing unless the defendant contends that the affiant has misrepresented the statements made by another.").

**James C. Mahan**
**U.S. District Judge**

- 4 -

intentional deception or carelessness, his objection does not undermine the conclusion that the detective's reference to false information was a "good faith mistake." (*Id*.). Furthermore, this court agrees that probable cause exists within the declaration even if the misstatement is excised. (*Id*. at 11).

Third, Goldsby contends that, based on the language of the declaration,[5] detectives unlawfully used information from Willoughby's pen register to identify the 7534 number. (ECF No. 295 at 11). Magistrate Judge Ferenbach concluded this language "unambiguously references the cell-site simulator" rather than call detail records. (ECF No. 293 at 12). As the government notes: "[the declaration] narrowly prohibits use of information gathered *from* non-target devices rather than information gathered *about* non-target devices." (ECF No. 265 at 11 (emphasis in original)). Magistrate Judge Ferenbach further concluded that the detectives were authorized to gather information from another suspect's pen register to further their investigation, including the use of those records in a search warrant declaration. (ECF No. 293 at 12). Again, having reviewed the record *de novo*, this court agrees Magistrate Judge Ferenbach.

Accordingly, having reviewed the report and recommendation for clearly erroneous findings of fact and legal conclusions contrary to law, as well as having reviewed the objected to portions of the report *de novo*, this court finds no errors and thus adopts in full Magistrate Judge Ferenbach's report and recommendation denying Goldsby's motion to suppress.

c. **Goldsby's motion for leave to file a reply is denied**

Replies to responses to report and recommendation objections are allowed only with leave of court. LR IB 3-1(a). Such replies—and surreplies generally—are disfavored as they "typically constitute[ ] a party's improper attempt to have the last word on an issue." *FNBN-RESCON I LLC v. Ritter*, No. 2:11-cv-1867-JAD-VCF, 2014 WL 979930, at *6 (D. Nev. Mar. 12, 2014) (citation omitted). Courts in this district allow surreplies "only to address new matters . . . to which a party would otherwise be unable to respond." *Id.* (citation omitted).

---

[5] *See* ECF No. 258 at 19 ("Law enforcement will make no use of, nor maintain any information collected or derived from non-target devices, except to distinguish the target cellular device from other devices.").

**James C. Mahan**
**U.S. District Judge**

- 5 -

Goldsby seeks leave to file a surreply to "address several new arguments that the Government raises." (ECF No. 301). However, the alleged new arguments are merely restatements of factual findings and conclusions reached by Magistrate Judge Ferenbach. Because Goldsby had a full and fair opportunity to address those arguments in his objections to the report and recommendation, this court declines to consider Goldsby's "several points of clarification" and denies his motion for leave to file a surreply. (*Id*.)

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Ferenbach's report and recommendation (ECF No. 293) be, and the same hereby is, ADOPTED in full.

IT IS FURTHER ORDERED that Goldsby's motion to suppress (ECF No. 258) be, and the same hereby is, DENIED.

IS FURTHER ORDERED that Goldsby's motion for leave to file a reply (ECF No. 301) be, and the same hereby is, DENIED.

DATED August 25, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**