UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                 Plaintiff(s),<br><br>      v.<br><br>JASON GOLDSBY, et al.,<br><br>                                 Defendant(s). | Case No. 2:16-CR-294 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Jason Goldsby's *pro se* letter requesting early release. (ECF No. 430). Defendant's appointed federal public defender ("FPD") filed a notice of non-supplementation to defendant's *pro se* letter. (ECF No. 434). The government filed a response to defendant's letter. (ECF No. 435).

Also before the court is defendant's motion for appointment of counsel. (ECF No. 432).

Defendant is currently serving a 120-month prison sentence for interference with commerce by robbery. (ECF No. 419). His projected release date is May 23, 2025. (*Id.*).

The court construes defendant's *pro se* letter requesting early release as a motion for early release under 18 U.S.C. § 3582(c)(1)(A). A prisoner must exhaust his administrative rights with the Bureau of Prisons ("BOP") before filing a motion for compassionate release with the district court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant has not submitted proof that he has exhausted his administrative rights with the BOP. Thus, the court lacks authority to consider his motion. Defendant's motion (ECF No. 430) is denied, without prejudice.

**James C. Mahan**
**U.S. District Judge**

However, defendant's FPD contends that the court has discretion to make a placement recommendation for him. (ECF No. 434 at 1). Section 3624(c)(1), as amended by the Second Chance Act of 2007, directs the BOP "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months)" in an appropriate setting to "prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(2). An appropriate placement may include a residential reentry center or "home confinement." *Id.*

Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" generally upon consideration of, among other factors:

(4) any statement by the court that imposed the sentence—

(A) concerning the purposes for which the sentence to imprisonment was determined to be

(B) recommending a type of penal or correctional facility as appropriate.

18 U.S.C. § 3621(b)(4).

The BOP has the ultimate decision-making authority in deciding whether a prisoner will serve his remaining sentence in another community correctional facility. *Id.* Courts in this district have ordered the recommendation defendant is requesting. *See United States v. Parlin*, 2019 WL 5268542 (D. Nev. Oct. 17, 2019); *see United States v. Lopez*, 2022 WL 1555187, (D. Nev. May 16, 2022).

In light of defendant's efforts toward self-improvement and the lack of any government response, the court finds that reentry placement would advance the goals of the Second Chance Act. Accordingly, the court will issue a non-binding recommendation that defendant serve the remaining months of his sentence at a residential reentry center and home confinement as the BOP sees fit.

Finally, defendant filed a motion for appointment of counsel. (ECF No. 432). FPD Heidi Ojeda filed a notice of appearance on April 25, 2024 (ECF No. 433); therefore, defendant's motion (ECF No. 432) is denied as moot.

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's letter for early release (ECF No. 430), be, and the same hereby is, DENIED, without prejudice.

IT IS FURTHER ORDERED that defendant's motion for appointment of counsel (ECF No. 432) is DENIED as MOOT.

IT IS HEREBY RECOMMENDED that defendant be considered for placement at a residential reentry center and for home confinement.

DATED September 18, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**